IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ERVIN ARIEL CANO-RODRIGUEZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | )    1:26-cv-01114 (AJT-LRV) |
| TODD BLANCHE, *et al.*, | ) |
| | ) |
| Respondents. | ) |

## **ORDER**

Before the Court is Ervin Ariel Cano-Rodriguez's ("Petitioner") Petition for Writ of

Habeas Corpus ("Petition"), filed on April 26, 2026. [Doc. No. 1]. By order dated April 29, 2026,

the Court ordered the Government to respond to the Petition within five days, [Doc. No. 2], and

Respondents timely submitted that the factual and legal issues presented in the Petition do not

differ in any material fashion from those presented in *Hernandez v. Crawford,* No. 1:25-CV-

01565-AJT-WBP, 2025 WL 2940702 (E.D. Va. Oct. 16, 2025), or the other opinions of this Court

cited therein. [Doc. No. 4].

Petitioner is a citizen of Guatemala, who is alleged to have entered the United States

without inspection in or around 2014. [Doc. No. 1] ¶¶ 4, 13. On January 24, 2026, Petitioner was

arrested for Driving While Intoxicated, and after serving his sentence was transferred directly into

immigration custody at the Caroline Detention Center, where he remains. *Id*. ¶¶ 13-14. He further

alleges that he has not been provided with a bond hearing. *Id*. ¶ 12.

In light of the foregoing, the Court determines, as it did in *Hernandez*, that Petitioner's

detention is governed by section 1226(a)'s discretionary framework, not section 1225(b)'s

mandatory detention procedures, and under section 1226(a) and its implementing regulations,

Petitioner is entitled to a bond hearing before an Immigration Judge. Accordingly, the Petition is **GRANTED**, and it is hereby

ORDERED that Petitioner be immediately released from custody, with all his personal property, pending his bond hearing before an immigration judge. Petitioner must live at a fixed address and provide that address to the Court within twenty-four (24) hours of the issuance of this Order. Petitioner must also appear at the bond hearing once the government notifies him of its date, time, and location; and it is further

ORDERED that Respondents must provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a); and it is further

ORDERED that Respondents are **ENJOINED** from denying Petitioner release on bond on the basis that he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b); and it is further

ORDERED that, if Petitioner is released on bond, Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are **ENJOINED** from rearresting Petitioner unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing, or pursuant to 8 U.S.C. § 1231(a)(2).

The Clerk is directed to send copies of this Order to all counsel of record and to terminate the case.

Alexandria, Virginia
May 5, 2026

Anthony J. Trenga
Senior United States District Judge

2